ELISHA CRANE *against* JOSEPH SAYRE.

### ON CERTIORARI.

1. The appraisers' certificate of damages done to the plaintiff may be given in evidence in an action of trespass after the appraisers themselves have been both examined.

2. A verdict is never set aside for a juror's misbehavior towards the Court, unless it is prejudicial to one or other of the parties.

*Pennington,* attorney for plaintiff.   *Dod,* for defendant.

The opinion of the court was delivered by

FORD, J.   Elisha Crane's oxen broke into Joseph Sayre's cornfield and committed depredations, which two men, chosen by the parties, appraised at $30 damages, and so certified under their hands.   Sayres brought an action of trespass, and recovered judgment for $9.   He had each appraiser sworn, as a witness, and examined them, after which he offered their certificate in evidence, but it was objected to; and, while the argument was pending to the justice, some of the jurors left the room and returned again, without leave or consent, and without an officer to attend them.   The justice allowed the certificate to be read; and now two reasons are assigned for a reversal of the judgment: first, because the justice admitted illegal evidence; and, second, because the jury misbehaved themselves.

1. The certificate was not admissible as primary evidence, nor offered as such; the appraisers had been previously sworn, and might have used the paper to refresh their memories while under examination, which is nearly the same thing, in substance, as giving it in evidence.   Moreover, what a witness has said or written at a prior time may be adduced after he has been examined, either to corroborate or to impeach his consistency.   And as, from the nature of

case and circumstances, the certificate could have little or no effect in itself, after the appraisers had both been examined *viva voce*, I think the judgment ought not to be reversed for this cause.

2. A juryman who leaves his fellow jurors without notice or leave, certainly treats the court with great contempt, for which a fine ought to be imposed on him as soon as the verdict is rendered, and he ought to be committed till the fine is paid. It would retard the trial extremely, and work great confusion for the parties, if the court had to call the list of jurors every few minutes to be sure they were all present, as must be done if jurors may go off without notice or leave. But a verdict is never set aside for a juror's misbehavior *towards the court*, unless it is prejudicial to one or other of the parties, and no such thing appears in this case.

Let the judgment be affirmed.